IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SILVIA FITZGERALD and
STEVEN FITZGERALD,

              Plaintiffs,

       v.

APHRODITE P. ROBERTS, R.N.,
HIGHLAND PARK CVS, L.L.C.,
and MINUTECLINIC DIAGNOSTIC
OF ILLINOIS, L.L.C.,

              Defendants.

Case No. 17 CV 9284

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Defendants Highland Park CVS, LLC, MinuteClinic Diagnostic of Illinois, LLC, and Caremark RX, LLC move to dismiss Counts XI through XIII of Plaintiffs Silvia and Steven Fitzgerald's Second Amended Complaint. For the reasons stated herein, the Motion to Dismiss (Dkt. No. 34) is granted.

## I. BACKGROUND

This case arises from Plaintiff Silvia Fitzgerald's visit to a local CVS clinic operated by Defendants Highland Park CVS, LLC, MinuteClinic Diagnostic of Illinois, LLC, and Caremark RX, LLC (collectively "CVS Defendants"). Mrs. Fitzgerald alleges that she sought assistance from the clinic to remove earwax from her ear. (Sec. Am. Compl. (SAC) ¶ 5, Dkt. No. 29.) Defendant Aphrodite P.

Roberts, APN, a nurse at the CVS clinic, allegedly misused a Waterpik Flosser—a high-pressure water dispensing device for flossing teeth—in performing the procedure. (SAC ¶ 7.) Apparently, in using the Waterpik Flosser, Roberts damaged the tissue in and around Mrs. Fitzgerald's ear. (SAC ¶ 8.)

Based on the foregoing, both Mrs. Fitzgerald and her husband, Steven Fitzgerald, seek damages from Defendants. Defendants now move to dismiss Counts XI through XIII of Plaintiffs' Second Amended Complaint, asserting that the counts are (1) barred under the statute of limitations; and (2) fail to state a claim under Rule 12(b)(6). The three counts are as follows:

I. **Count XI.** Willful and Wanton/Intentional Misconduct against Defendant Highland Park CVS.

II. **Count XII.** Willful and Wanton/Intentional Misconduct against Defendant Caremark Rx.

III. **Count XIII.** Willful and Wanton/Intentional Misconduct against Defendant MinuteClinic Diagnostic of Illinois.

## II. DISCUSSION

### A. Statute of Limitations

Under Illinois law, medical malpractice claims must be brought no more than:

> 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known or received notice in writing of the existence

of the injury or death for which damages are sought in
the action, whichever of such date occurs first, but
in no event shall such action be brought more than 4
years after the date on which occurred the act or
omission or occurrence alleged in such action to have
been the cause of such injury or death.

7315 ILCS 5/13-212(a). In other words, section 735 ILCS 5/13-212(a) states that there is a bar to recovering punitive damages in medical malpractice claims two years after a person knows or reasonably should have known of an injury and knows or reasonably should have known that the injury was wrongfully caused. *Moon v. Rhode*, 409 N.E.3d 220, 227 (Ill. 2016).

Defendants argue that the newly filed institutional negligence claims should be dismissed because they were filed more than three years after the alleged negligent care incident. Plaintiffs agree that their claims were filed three years after knowledge of the injury; nevertheless, they argue that the claims should not be dismissed because they relate back to the original pleading. A negligence claim can relate back if it passes the "sufficiently close relationship test." *Porter v. Decatur Mem'l Hosp.*, 882 N.E.2d 583, 592 (Ill. 2008). For that test, a court considers whether there was a significant lapse of time between the original and amended set of facts, whether the facts are different in character, and whether the facts led to different injuries. *Id.*

Defendants argue that the amended facts do not relate back because Plaintiffs state entirely new claims from a different set of facts. Specifically, they contend that the allegations of willful and wanton institutional misconduct do not relate back to the negligence claims in the original complaint. They cite *McCorry v. Gonnerante*, 775 N.E.2d 591, 599 (Ill. App. Ct. 2002), in which the court found that amended allegations involving the conduct of different persons at different times did not relate back to the original pleading. *McCorry v. Gooneratne*, 775 N.E.2d 591, 599 (Ill. App. Ct. 2002); *see* 735 ILCS 5/2-616. Defendants also contend that new allegations of willful and wanton institutional misconduct do not relate back to the negligence claims in the original complaint. They rely on *Weidner v. Carle Found. Hosp.*, 512 N.E.2d 824, 826 (Ill. App. Ct. 1987), in which the court found that "allegations of negligence are separate from the alleged malpractice which led to plaintiff's injuries."

Plaintiffs argue that their allegations of institutional negligence arise out of the same facts as vicarious liability, which they alleged in their original complaint. They argue that the original complaint put Defendants on notice that their administrative and managerial decisions were at issue in this litigation, because that complaint asserted that supervisory staff failed to require and provide reasonable and proper training regarding the WaterPik Flosser device. The original complaint

alleges, in relevant part, that CVS negligently and unreasonably breached its duties to Mr. and Mrs. Fitzgerald by the following wrongful actions and omissions:

a. it provided and, thereafter, retained for use by its staff a WaterPik Flosser to remove ear wax from Silvia's ear that included the instructions:

**READ ALL INSTRUCTIONS BEFORE USING**

. . . . .

**WARNING:**

**To reduce the risk of burns, electrocution, fire, or injury to persons:**

. . . .

Do not direct water under the tongue, into the ear, nose or other delicate areas. This product is capable of producing pressures that may cause serious damage in these areas

. . . . .

Use this product only as indicated in these instructions or as recommended by your dental professional;

b. its supervisory staff failed to require and provide reasonable-and-proper training of Aphrodite in evaluation of patients' needs for the use of water-pressure devices to remove ear wax;

c. its supervisory staff failed to require and provide reasonable-and-proper training of Aphrodite in the use water pressure devices to remove ear wax;

d. its supervisory staff failed to properly evaluate the dangers of the water pressure device that it provided to Aphrodite and other staff to remove ear wax;

> e. it failed to consider and to provide for
> alternative means to remove ear wax other than water-
> pressure devices for its staff to remove ear wax.

(Compl. ¶ 15, Ex. A to Defs.' Mot. to Dismiss, Dkt. No. 34-1.)

The newly alleged facts are not different in character from those alleged in the original complaint. They are also not separated by a lapse of time. *See Porter*, 227 Ill.2d at 360. Further, the facts are all part of the events leading up to the same ear damage injury. *Id.* Plaintiffs are alleging new counts in the Amended Complaint that rely on the same facts alleged in the original complaint. Therefore, the Court agrees that Defendants were on notice from the original complaint. Counts XI through XIII relate back to the original complaint and are not barred by the statute of limitations.

## B. 12(b)(6) Dismissal

Defendants also move to dismiss Counts XI, XII, and XIII under Rule 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim has facial plausibility when the plaintiff pleads "sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Iqbal*, 556 U.S. at 678. Allegations in the form of legal conclusions are

insufficient to survive a Rule 12(b)(6) motion. *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (citation omitted).

Defendants argue that Plaintiffs are statutorily barred from recovering punitive damages for Counts XI through XIII pursuant to the Healing Art Malpractice Act ("HAMA"). *See* 735 ILCS 5/2-1115. HAMA applies to "any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice." 735 ILCS 5/2-1704. This includes negligence in the course of interrelated health care services. *Lyon v. Hasbro Indus., Inc.*, 509 N.E.2d 702, 706 (Ill. App. Ct. 1987). Section 5/2-1115 also states that there is a bar to recovering punitive damages in HAMA cases. 735 ILCS 5/2-1115 ("punitive damages are not recoverable in healing art and legal malpractice cases").

The facts and issues in this case concern the professional judgment and conduct of Roberts, an advanced practice nurse, which certainly falls within the meaning of "medical… or other healing art malpractice." 735 ILCS 5/2-1704. Since Counts XI through XIII allege willful and wanton conduct, as well as involve institutional negligence in providing healthcare, the HAMA is applicable. *See Kus v. Sherman Hosp.*, 561 N.E.2d 381, 383-384 (Ill. App. Ct. 1990); *Kolanowski v. Ill. Valley Cmty. Hosp.*, 544 N.E.2d 821, 825 (Ill. App. Ct. 1989); *see also Russel v. Good Shepherd Hosp.*, 538 N.E.2d 672, 677 (Ill. App. Ct. 1991) (recognizing that HAMA covers willful

and wanton conduct, otherwise known as intentional misconduct). Plaintiffs argue that HAMA does not apply because the allegations in this case do not require medical knowledge or understanding. For example, they believe expert testimony is unnecessary in this case to understand the misconduct of choosing to use the WaterPik Flosser to remove ear wax. However, the necessity of expert testimony is irrelevant at this juncture. HAMA is broad and because this case involves a "branch of learning dealing with the restoration of physical or mental health," HAMA applies. *See Milos v. Hall*, 757 N.E.2d. 654, 657 (Ill. App. Ct. 2001). Further, the statute pertains to "all medical malpractice actions[.]" 735 ILCS 5/2-1701.

Lastly, Plaintiffs argue that they are seeking compensatory damages rather than punitive damages and thus their intentional misconduct claims do not fall within HAMA. *See* 735 ILCS 5/2-1115. The Court disagrees. Courts have determined that willful and wanton conduct constitutes a claim to seek punitive damages. *Russell*, 222 538 N.E.2d at 676-677. Intentional misconduct is legally insufficient by itself; Illinois law does not recognize it as an intentional tort. *See Happel v. Wal-Mart Stores*, *Inc.*, 319 F. Supp. 2d 883, 885 (N.D. Ill. 2004). Therefore, HAMA bars Plaintiffs from seeking punitive damages, and Counts XI, XII, and XIII are dismissed with prejudice. *Id.*

### III. CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss (Dkt. No. 34) is granted, and Counts XI, XII, and XIII are dismissed with prejudice.

_____
        Harry D. Leinenweber, Judge
        United States District Court

Dated: 7/18/2019