**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SILVIA FITZGERALD,         )
                              )
        Plaintiff,           )
                              )      No. 17-cv-9284
       v.                  )
                              )      Judge April M. Perry
APHRODITE P. ROBERTS R.N.,     )
MINUTECLINIC DIAGNOSTIC       )
OF ILLINOIS, L.L.C., and          )
CVS HEALTH CORPORATION,      )
                              )
        Defendants.       )

## <u>OPINION AND ORDER</u>

Silvia Fitzgerald ("Plaintiff") brings this case against Aphrodite P. Roberts, R.N.,

MinuteClinic Diagnostic of Illinois, L.L.C., and CVS Health Corporation (collectively,

"Defendants"). Defendants now move for partial dismissal of the Third Amended Complaint,

specifically as to the claims against CVS Health Corporation for negligence (Count VI), apparent

agency (Count VII), res ipsa loquitur (Count VIII), and willful and wanton intentional

misconduct (Count IX).[1] Doc. 134. For the reasons that follow, Defendants' motion to dismiss is

granted in part and denied in part.

## BACKGROUND

On November 21, 2015, Plaintiff visited a health clinic in Lake Forest, Illinois to have ear

wax removed. Doc. 128 ¶¶ 8, 11. Defendant Roberts, a nurse working at the clinic, allegedly

improperly performed the removal procedure using a Waterpik instrument. *Id.* ¶¶ 9, 12.

---

[1] In various places, Defendants' motion requests dismissal of Counts XI, XII, and XIII, which numbers do not correspond to counts alleged in the Third Amended Complaint. Elsewhere in the motion it becomes clear that Defendants are seeking dismissal of Counts VI, VII, VIII, and IX.

According to the complaint, this resulted in serious damage to the tissue in and around Plaintiff's ear. *Id.* ¶ 13.

This matter was originally filed in state court on November 20, 2017, and was properly removed to federal court on December 27, 2017. Doc. 1. Plaintiff filed her Third Amended Complaint on April 16, 2025. Doc. 128. The Third Amended Complaint for the first time raises claims against CVS Health Corporation, which Plaintiff alleges "provided and supervised medical care, nursing care, and associated care" to her at the clinic she visited on November 21, 2015. *Id.* ¶ 32.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a case may be dismissed when a plaintiff fails to state a claim upon which relief can be granted. A 12(b)(6) motion is a challenge to the sufficiency of a complaint, not its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering such a motion, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *See Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016).

To survive a motion to dismiss, a plaintiff need only include "a short and plain statement of a claim that is plausible on its face and entitles them to relief." *Roldan v. Stroud*, 52 F.4th 335, 339 (7th Cir. 2022). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The

2

law is clear that a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A complaint may also be dismissed if the claims alleged are time barred by the applicable statute of limitations. *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011). Although "complaints do not have to anticipate affirmative defenses to survive a motion to dismiss ... [an] exception occurs where ... the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

## ANALYSIS

Defendants argue for dismissal of all claims against CVS Health Corporation because: (1) Counts VI through IX are time barred; and (2) Count IX is prohibited by 735 ILCS 5/2-1115, which bars recovery of punitive damages in healing art malpractice cases. The Court addresses each argument in turn.

The Court first considers if any time barring applies to Counts VI through IX. The applicable Illinois statute provides that:

> [N]o action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death.

735 ILCS 5/13-212(a). Thus, there is both a two-year statute of limitations and a four-year statute of repose for Illinois medical malpractice claims. *See Augutis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013). "The statute's four-year repose period is triggered by the occurrence of

3

the act or omission that caused the injury, whereas the two-year limitations period is triggered by the plaintiff's discovery of the injury." *Lawler v. Univ. of Chicago Med. Ctr.*, 104 N.E.3d 1090, 1095 (Ill. 2017).

Plaintiff does not dispute that her Third Amended Complaint was filed after both the limitations and repose periods expired. However, Plaintiff contends that her Third Amended Complaint is not time barred because it relates back to her original timely-filed complaint. Plaintiff also argues that the doctrine of equitable estoppel should be applied to save her claims. The Court agrees that the relation back doctrine applies and therefore does not reach the equitable estoppel argument.[2]

Under Illinois law,[3] an amended pleading relates back to the date that the original pleading was filed if: "(1) the original pleading was timely filed and (2) the original and amended pleadings indicate that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading." *Lawler*, 104 N.E.3d at 1096; 735 ILCS 5/2-616(b). To the extent a cause of action is brought against a new party, the Court also must consider whether the new party "received such notice of the commencement of the action that the [new party] will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party,

---

[2] Neither party has briefed whether the equitable doctrine of estoppel applies to a statute of repose, and it is not at all clear that it would. *See Cada v. Baxter Healthcare Corp*., 920 F.3d 446, 451 (7th Cir. 1990) (stating that equitable estoppel does not apply to statutes of repose); *Teamsters & Employers Welfare Trust of Ill. v. Gorman Bros. Ready Mix*, 283 F.3d 877, 887 (7th Cir. 2002) (Easterbrook, J., concurring) (stating "equitable extensions are incompatible with periods of repose").

[3] The Seventh Circuit has not weighed in on whether federal law or state law should apply to relation back in diversity cases but has noted that "Illinois's relation-back rule is identical to the federal rule." *Springman v. AIG Marketing, Inc*., 523 F.3d 685, 688 (7th Cir. 2008). In the briefing, Plaintiff cites cases decided under Federal Rule of Civil Procedure 15, while Defendant cites cases applying Illinois law, and neither party discusses its choice of law or argues that the result in this case would be different under the other standard. The Court will therefore apply Illinois law.

4

the action would have been brought against [it]." 735 ILCS 5/2-616(c). Relation back applies to both statutes of limitation and of repose. *Lawler*, 104 N.E.3d at 1099. The relation back doctrine exists to prevent causes of action from being dismissed due to a technical default unrelated to the merits of a case. *See Porter v. Decatur Mem'l Hosp.*, 882 N.E.2d 583, 589-590 (Ill. 2008). Courts are thereby instructed to "liberally construe the requirements of section 2–616(b) to allow resolution of litigation on the merits and to avoid elevating questions of form over substance." *Id.* at 590.

Here, the parties agree that the original complaint was timely filed. The Court thus must determine whether Plaintiff's new claims grow out the same transaction or occurrence as set forth in the original pleading. In making this determination, the Court considers whether there was a significant lapse of time between the original and amended set of facts, whether the facts are different in character, and whether the facts led to different injuries. *Id.* at 592.

Plaintiff's newly asserted claims against CVS Health Corporation include allegations of negligence, apparent agency, res ipsa loquitur, and willful and wanton intentional misconduct, all stemming from Plaintiff's injury on November 21, 2015. In the original complaint, Plaintiff brought similar claims against CVS Lake Forest LLC and CVS Pharmacy. *See* Doc. 6-1 at 4, 8 (negligence); 6, 10 (apparent agency). The Second Amended Complaint substituted as a defendant Highland Park CVS, LLC in the place of CVS Lake Forest LLC and also added willful and wanton institutional misconduct claims against Highland Park CVS. *See* Doc. 29. Shortly thereafter, the Court held that the willful and wanton institutional misconduct claims related back to the original complaint, given that "the facts are all part of the events leading up to the same ear damage injury." Doc. 45 at 6 (finding that willful and wanton claim against Highland Park CVS in the Second Amended Complaint related back to claims in original complaint). The same

5

conclusion is appropriate here for all of Plaintiff's claims against CVS Health Corporation.
These four new claims satisfy the sufficiently close relationship test because the facts are not
different in character nor separated by any lapse of time from those alleged in the original
complaint, and the injury to Plaintiff's ear is the exact same injury as was alleged in the original
complaint. For example, although Defendants complain that current claims regarding the
corporate decision to provide a Waterpik to nurses is too "remote from the care at issue" to relate
back to the original complaint, and that this decision involved different decision makers from
those at issue in the original complaint, Doc. 142 at 4, the original complaint specifically
challenged the corporate decision to provide a Waterpik to medical staff, alleging that CVS Lake
Forest had acted negligently by "provid[ing] and, thereafter, retain[ing] for use by its staff a
Waterpik Flosser." Doc. 6-1 at 5. In short, the time, facts, and injury alleged are all exactly the
same as they were in the original complaint.

Moreover, there is no prejudice to CVS Health Corporation in being added as a
defendant. Plaintiff has been trying to identify the correct CVS entity to sue since the complaint
was originally filed naming two members of the CVS corporate family. And since the filing of
the original complaint, the same law firm has appeared on behalf of every CVS entity that has
been named. It should be no surprise to CVS Health Corporation that Plaintiff would be bringing
claims against whichever CVS entity was responsible for the clinic where she obtained
treatment. For these reasons, the claims in the Third Amended Complaint relate back to the
original complaint and are not barred by the statute of limitations or statute of repose.

The Court next considers whether Plaintiff's claim for willful and wanton intentional
misconduct against CVS Health Corporation (Count IX) is prohibited by 735 ILCS 5/2-1115
("Section 2-1115"). Section 2-1115 is part of the Illinois Healing Art Malpractice Act

("HAMA"), which applies to "any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice." 735 ILCS 5/2-1704. Section 2-115 specifically bars recovery of punitive damages in HAMA cases. 735 ILCS 5/2-1115 ("Punitive damages not recoverable in healing art and legal malpractice cases.").

Courts give broad application to the phrase "healing art malpractice," but not every act or omission committed by healthcare professionals or within healthcare spaces falls within the scope of a healing art. *See, e.g., Milos v. Hall*, 757 N.E.2d 654, 658 (Ill. App. Ct. 2001) (finding that autopsy was not healing art because intention of procedure was not to restore physical health); *Cohen v. Smith,* 648 N.E.2d 329, 333-34 (Ill. App. Ct. 1995) (finding that nonconsensual touching by nurse was not healing art despite occurring during treatment within a hospital). A decision sounding in healing art "is inherently one of medical judgment." *Lyon by Lyon v. Hasbro Indus., Inc.*, 509 N.E.2d 702, 706 (Ill. App. Ct. 1987) (finding that failure of the ambulance company to properly maintain the ambulance was an action of ordinary negligence, while the determination of what equipment was appropriate to meet the needs of a patient was an action of healing arts malpractice). The nature of the alleged act ultimately determines whether the activity constitutes healing art malpractice. *See Milos*, 757 N.E.2d at 657.

Plaintiff contends that Count IX does not fall within the ambit of HAMA and punitive damages are appropriate because CVS Health Corporation's decision to supply the Waterpik to its healthcare providers was not based on medical judgment and was instead a business decision. In support of this conclusion, Plaintiff points to deposition testimony from Dr. Anne Pohnert that CVS continued to use the Waterpik because they "didn't have a high level of issues with it" and

that the error rate of usage was within "the normal rate."[4] Doc. 137 at 6-7. As a preliminary

matter, the Court finds perplexing Plaintiff's argument that Dr. Pohnert's testimony somehow

indicates that the decision to use the Waterpik was a "business decision" as opposed to a

"medical decision." Given that hospitals and clinics are, in fact, businesses, technically all

decisions made by such entities could be considered business decisions. Plaintiff does not cite

any case that stands for the proposition that there is some kind of brightline distinction that can

or should be drawn between the two.[5] But to the extent that this is a distinction that matters, a

decision to continue using a medical device because its user error rate is considered within the

normal range is clearly a medical decision. Every day, doctors weigh the risks and benefits of

various courses of treatment, whether they be side effects of pharmaceuticals or the risk of

misuse of a medical device. Choosing the best treatment method based upon the risk of negative

outcomes (referred to here as an "error rate") is a key part of the "healing arts," and is very

different from the administrative functions at issue in the cases cited by Plaintiff. *See Lyon*, 509

N.E.2d at 706 (conducting maintenance on ambulance), *Hales v. Timberline Knolls, LLC*, No.

15-cv-2622, 2017 WL 25174 (N.D. Ill. 2017) (returning phone calls). For these reasons, Count

---

[4] Although a motion to dismiss under Rule 12(b)(6) must be based only on "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," the rules are more relaxed when considering an opposition to a motion to dismiss. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). A plaintiff "has much more flexibility in opposing a Rule 12(b)(6) motion" and "may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove" if such "elaborations are consistent with the pleadings." *Id.* The Court thus will only look at the content of Dr. Pohnert's testimony to determine if the allegations in the complaint may plausibly present a claim that does not sound in "healing art."

[5] Plaintiff at one point refers to "business decisions" as "financial decisions about the cost of problems." Doc. 137 at 5. Under this definition, it perhaps would be a business decision if Dr. Pohnert had testified that use of the Waterpik resulted in $100,000 in annual revenue to CVS, with annual payouts for misuse of only $20,000, and therefore CVS decided to continue use of the Waterpik. But Dr. Pohnert did not provide any testimony about the use of the Waterpik being a financial decision by CVS, nor does such an allegation exist anywhere in the Third Amended Complaint.

IX cannot plausibly be considered anything other than a healing art malpractice claim and Plaintiff cannot obtain punitive damages.

Nor can Plaintiff save Count IX from dismissal by seeking compensatory damages. A claim of willful and wanton misconduct, which requires a showing "that the defendant acted with intentional or conscious disregard for the plaintiff's safety, rather than merely carelessly," *Russell by Russell v. Good Shepard Hosp.*, 583 N.E.2d 672, 677 (Ill. App. Ct. 1991), supports a finding of punitive damages but does not constitute a separate independent tort. *See Sorkin v. Blackman, Kallick & Co.*, 540 N.E.2d 999, 1003 (Ill. App. Ct. 1989) ("Willful and wanton misconduct affects the amount of damages and is not a separate tort."); *Mercury Skyline Yacht Charters v. Dave Matthews Band, Inc.* 05-cv-1698, 2005 WL 3159680, at * 10 (N.D. Ill. 2005) ("[W]illful and wanton conduct typically is alleged in conjunction with both intentional torts and negligence to support a claim for punitive damages."). Given that punitive damages are not possible in this case, dismissal of the claim is therefore appropriate. *See, e.g. Russell*, 583 N.E.2d at 676 ("Given that plaintiff may not recover punitive damages, we believe that count [for willful and wanton conduct] was properly dismissed"); *Kennedy v. Grimsley*, 837 N.E.2d 131, 134 (Ill. App. Ct. 2005) (finding dismissal of fraud claim appropriate because a plaintiff cannot avoid the effect of Section 2-115's prohibition against recovering punitive damages where "the gravamen of the claim is legal malpractice").

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted as to Count IX, which is dismissed with prejudice, and denied in all other respects.

Dated: January 7, 2026

April M Perry
_____
APRIL M. PERRY
United States District Judge

9